# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE WEBB LAW FIRM, P.C., <br><br> Plaintiff, <br><br> vs. <br><br> WEBB IP LAW GROUP, P.L.L.C., <br><br> Defendant. | Case No. <br><br> *Electronically filed* |

## COMPLAINT AND JURY DEMAND

Plaintiff The Webb Law Firm, P.C., by and through its undersigned counsel, hereby asserts a Complaint against Defendant Webb IP Law Group, P.L.L.C., seeking injunctive and other relief, and in support thereof avers as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief and other relief including monetary damages against Defendant for its acts of service mark infringement, service mark dilution, false designation of origin, cybersquatting, trade dress infringement and unfair competition under the federal laws of the United States of America, as well as the common laws of the Commonwealth of Pennsylvania.

## PARTIES, JURISDICTION AND VENUE

2. The Webb Law Firm, P.C. is a professional corporation engaged in the profession and practice of law in the substantive area of intellectual property with an office currently located at One Gateway Center, 420 Fort Duquesne Blvd., Suite 1200, Pittsburgh, PA 15222.

3. Upon information and belief, Defendant is engaging in the profession and practice of law in the substantive area of intellectual property with an office currently located at 1204 W.

South Jordan Parkway, Suite B2, South Jordan, UT 84095.  Defendant employs four attorneys and patent agents.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over The Webb Law Firm, P.C.'s common law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. This Court has personal jurisdiction over Defendant based on Defendant offering its services to potential clients in this District by way of, at least, an interactive website that is publicly available for use in this District.  That website is available at www.webbiplaw.com, and includes links to YouTube®, LinkedIn®, Facebook® and Pintrest® sites that advertise the Defendant's services.  Moreover, Defendant's unlawful acts have had an effect on The Webb Law Firm, P.C. within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims at issue occurred in this District.  Defendant advertises its services within this District, and on information and belief, may service clients, and thus derive revenue, from its unlawful activities in this District.  The Webb Law Firm, P.C. is also suffering from the effects of Defendant's conduct in this District.

**FACTS COMMON TO ALL COUNTS**

**The History Of The Webb Law Firm, P.C.**

7. The Webb Law Firm, P.C. ("the Firm") traces its origins in Pittsburgh, Pennsylvania to 1845 and the law practice of William Bakewell.  William Bakewell is considered the first lawyer to practice patent law west of the Allegheny Mountains in the history of the United States.

8.  Throughout its continuous operation since 1845, The Webb Law Firm, P.C. has been known by several names over the course of its history.

9.  In 1929, William Hess Webb joined the Firm. William Hess Webb practiced with the Firm for 68 years, until his passing in 1997. Since 1948, the word "Webb" has been incorporated in the Firm name. Starting at least as early as 1994, the Firm was known as "The Webb Law Firm".

10. In 1996, the Firm applied to register the THE WEBB LAW FIRM mark with the U.S. Patent and Trademark Office. The Webb Law Firm, P.C. is the owner of United States Service Mark Registration Number 2,179,947 for the mark THE WEBB LAW FIRM in connection with "legal services". The Webb Law Firm, P.C. obtained this registration on August 11, 1998, based on its first use of the THE WEBB LAW FIRM mark at least as of January 1, 1994. The registration is incontestable. A copy of the official registration is attached hereto as Exhibit 1.

11. In 1997, the Firm applied to register the WEBBLAW.COM mark with the U.S. Patent and Trademark Office. The Webb Law Firm, P.C. is the owner of United States Service Mark Registration Number 2,239,693 for the mark WEBBLAW.COM in connection with "legal services". The Webb Law Firm, P.C. obtained this registration on April 13, 1999, based on its first use of the WEBBLAW.COM mark at least as of February 1, 1998. The registration is incontestable. A copy of the official registration is attached hereto as Exhibit 2.

12. In 2005, the Firm officially adopted the service mark THE WEBB LAW FIRM as the official name of the Firm, and has continuously operated under that name since that time.

13. The Webb Law Firm, P.C. operates out of its office in Pittsburgh, Pennsylvania where 45 lawyers and patent agents practice in all aspects of intellectual property law across the

United States. Those 45 lawyers and patent agents also work with a variety of foreign associates such that The Webb Law Firm, P.C. has a truly global reach, and is able to and does service clients around the world. The Webb Law Firm, P.C. represents clients across the United States, as well as major companies based in Europe, the Middle East, Asia and Latin America. Its clients consist of multinational Fortune 100 entities, as well as startup ventures, covering many established industries including steel, glass, medical devices, advanced manufacturing, life sciences and information technology. The Webb Law Firm, P.C. offers a complete panoply of intellectual property-related legal services including: intellectual property portfolio management, patent prosecution, trademark prosecution, copyright-related representations, intellectual property licensing and acquisition, representation in intellectual property litigation and appeals, opinion work (including non-infringement, validity and clearance), due diligence investigations, valuations, preparation, evaluation and litigation involving non-compete agreements, intellectual property policy development and trade secret-related representations.

14.     The Webb Law Firm, P.C. and its lawyers are recognized in Chambers USA®, as well as other legal publications, including The Best Lawyers in America® and IAM Patent Litigation 250. The Webb Law Firm, P.C. is a nationally-ranked intellectual property law boutique. For example, in the most recent publicly available full reports issued by Intellectual Property Today,[1] The Webb Law Firm, P.C. was ranked as the 57th top trademark firm in the United States, and the 119th top patent firm in the United States. *See* Exhibits 3 and 4.

15.     Since 1994, The Webb Law Firm, P.C. has expended significant resources marketing its services using the THE WEBB LAW FIRM and WEBBLAW.COM marks. As a

---

[1] More recent reports exist, however, the complete rankings are proprietary, and thus have not been attached to this Complaint. The two attached reports are available in their complete form at http://www.iptoday.com/reports.asp.

direct result of the time, resources and effort dedicated to promoting the THE WEBB LAW FIRM and WEBBLAW.COM marks, The Webb Law Firm P.C.'s clients, its competitors and the general public have come to associate the high quality legal services in the intellectual property field provided by the Firm with the THE WEBB LAW FIRM mark in both its print and stylized forms, as well as the WEBBLAW.COM mark.

16. Due to the high quality of intellectual property legal services provided to the Firm's clients for more than a century, the duration of use of the THE WEBB LAW FIRM and WEBBLAW.COM marks, the nationwide scope of advertising used by the Firm promoting its services under these marks, the long-standing federal registrations of these marks and the Firm's reputation as one of the oldest, premier intellectual property law boutiques in the United States, the THE WEBB LAW FIRM and WEBBLAW.COM marks have become very valuable assets, and are famous marks.

17. Since at least as early as 1998, the Firm has operated a website at www.webblaw.com to advertise its legal services in the intellectual property field.

18. By at least 2008, The Webb Law Firm, P.C. adopted a stylized form of the THE WEBB LAW FIRM mark, consisting of the words THE WEBB LAW FIRM and the tag line, "Patent Trademark Copyright Law". A blue color scheme was officially broadly rolled out beginning in November 2009, and that coordinated color scheme has appeared in marketing materials, including print advertisements, business cards, letterhead and other written communications, and on The Webb Law Firm, P.C.'s website at www.webblaw.com continuously since its adoption through today. The logo, color scheme and tag line are collectively known as "Webb Trade Dress".



19.     The Webb Trade Dress, including the arrangement and combination of elements and distinctive combination of colors, is arbitrary, fanciful, unique, non-functional and well-recognized as distinctive of the legal services offered by The Webb Law Firm, P.C.

20.     The Webb Trade Dress represents and identifies the source of legal services provided by The Webb Law Firm P.C., and embodies the substantial amount of goodwill associated with the provision of such services.  The Webb Law Firm, P.C. possesses exclusive rights to the Webb Trade Dress.

**<u>Defendant's Unlawful Conduct</u>**

21.     In November 2009, Defendant procured the website address, www.webbiplaw.com, and currently operates a web site at that address advertising its legal services in the field of intellectual property law.

22.     Upon information and belief, Defendant was founded in December 2009, and adopted the name "Webb IP Law Group" shortly thereafter.

23.     Defendant has adopted and is currently using the following stylized version of its name as of April 15, 2011, and is seeking to register this design with the U.S. Patent and Trademark Office.  To date, this application has been denied, and denial of registration is currently being appealed by Defendant before the U.S. Patent and Trademark Office.



24.     In addition, in March 2013, it came to the attention of The Webb Law Firm, P.C. that Defendant has adopted a new tagline on its Facebook® page, as follows:



25.     Defendant is using "Webb IP Law Group", as well as a blue color scheme and a tagline using the same words in the exact same order as The Webb Law Firm, P.C.'s tagline to create the false impression that Defendant is affiliated with and or that The Webb Law Firm, P.C. approves, sponsors or endorses the business conduct of Defendant.  Such an impression is false, and causes and is likely to cause confusion among the public.

**Plaintiff Becomes Aware Of The Infringement Of Its Marks And Trade Dress**

26.     The Webb Law Firm, P.C. first became aware of the use of "Webb IP Law Group" by Defendant when a prospective employee contacted The Webb Law Firm, P.C. to inquire about a position, and believed that Plaintiff and Defendant were the same entity.

27.     After becoming aware of Defendant's use of "Webb IP Law Group" due to a confused member of the public, The Webb Law Firm, P.C. initiated proceedings before the U.S. Patent and Trademark Office to cancel a design trademark registration (U.S. Reg. No. 3,870,523) that incorporated a globe design as well as the words "Webb IP Law Group" owned by Defendant.  The Webb Law Firm, P.C. also formally protested Defendant's attempt to register the design trademark depicted in paragraph 23 of this Complaint.  Those proceedings are all ongoing before the U.S. Patent and Trademark Office.

28.     Since that time, Defendant has refused to cease its infringing use of "Webb IP Law Group", and it appears that even if Defendant loses in the proceedings before the U.S. Patent and Trademark Office, it intends to continue using "Webb IP Law Group" and the domain name www.webbiplaw.com.

29.     In March 2013, The Webb Law Firm, P.C. became aware for the first time of the use of a confusingly similar tagline on Defendant's Facebook® page that incorporates the words "patent trademark copyright law" in the same order depicted on The Webb Law Firm, P.C.'s tagline, and utilizing a blue color scheme.

30.     The Webb Law Firm, P.C. never authorized Defendant to use any intellectual property owned by The Webb Law Firm, P.C. including the THE WEBB LAW FIRM and the WEBBLAW.COM marks or the Webb Trade Dress adopted by The Webb Law Firm, P.C.

31. As of the date of the filing of this Complaint, Defendant has not ceased any of its infringing uses, and indeed, based on its new Facebook® content, appears to be increasing its infringement activities.

**COUNT I: SERVICE MARK INFRINGEMENT (15 U.S.C. §§ 1114 and 1125(a))**

32. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

33. The Webb Law Firm, P.C.'s use of the THE WEBB LAW FIRM and WEBBLAW.COM marks predate any alleged uses of "Webb IP Law Group" and "webbiplaw.com" by Defendant in the United States.

34. The Webb Law Firm, P.C.'s registration of the THE WEBB LAW FIRM and WEBBLAW.COM marks predate any alleged uses of "Webb IP Law Group" and "webbiplaw.com" by Defendant in the United States.

35. Upon information and belief, Defendant knew of or should have known of the THE WEBB LAW FIRM and WEBBLAW.COM marks prior to the time it began using "Webb IP Law Group" and "webbiplaw.com".

36. Defendant has used and continues to use "Webb IP Law Group" and "webbiplaw.com" in connection with its intellectual property law practice.

37. Defendant's use of "Webb IP Law Group" and "webbiplaw.com" are confusingly similar to Plaintiff's marks in violation of the Lanham Act.

38. Defendant's use of "Webb IP Law Group" and "webbiplaw.com" in connection with its intellectual property law practice is likely to deceive and cause confusion and mistake among clients, potential clients and the public as to the source of origin of the services provided or offered for sale by Defendant and its lack of affiliation with The Webb Law Firm, P.C. in

regard to those services and/or the lack of sponsorship or endorsement of those services by The Webb Law Firm, P.C. in violation of the Lanham Act.

39. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the THE WEBB LAW FIRM or WEBBLAW.COM marks, or any confusingly similar imitations or iterations thereof.

40. Defendant has misappropriated and continues to misappropriate The Webb Law Firm, P.C.'s substantial property rights in the THE WEBB LAW FIRM and WEBBLAW.COM marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit Defendant to improperly interfere with The Webb Law Firm, P.C.'s continued promotion and expansion of its business interests.

41. On information and belief, Defendant's acts of infringement are willful.

42. As a direct and proximate result of Defendant's acts of infringement, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. The Webb Law Firm, P.C. is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118 and 1125, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, treble damages, costs and reasonable attorneys' fees.

### COUNT II: TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

43. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

44. Defendant's unauthorized use of the Webb Trade Dress to market its legal services is likely to cause confusion, mistake or deception of clients, potential clients and the

public as to the origin, sponsorship or approval of Defendant's services by The Webb Law Firm, P.C.

45. By using the Webb Trade Dress, Defendant has falsely and misleadingly described and suggested that its services emanate from or are sponsored or approved by The Webb Law Firm, P.C.

46. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the Webb Trade Dress, or any confusingly similar imitations or iterations thereof.

47. Defendant has misappropriated and continues to misappropriate The Webb Law Firm, P.C.'s substantial property rights in the Webb Trade Dress, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit Defendant to improperly interfere with The Webb Law Firm, P.C.'s continued promotion and expansion of its business interests.

48. On information and belief, Defendant's acts of infringement are willful.

49. As a direct and proximate result of Defendant's acts of infringement, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. The Webb Law Firm, P.C. is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118 and 1125, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, treble damages, costs and reasonable attorneys' fees.

**COUNT III: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

50. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

51. Defendant's use of "Webb IP Law Group" and "webbiplaw.com" in connection with its intellectual property law practice advertisements, as well as its use of the Webb Trade Dress, is likely to deceive and cause confusion among clients, potential clients and the general public as to the source of origin of the services offered by Defendant and the sponsorship or endorsement of those services by The Webb Law Firm, P.C.

52. Defendant's use of "Webb IP Law Group", "webbiplaw.com" and the Webb Trade Dress in commerce is likely to cause initial interest confusion among the general public.

53. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the THE WEBB LAW FIRM or WEBBLAW.COM marks, or the Webb Trade Dress, or any confusingly similar imitations or iterations thereof.

54. Defendant has unfairly profited from its actions.

55. Defendant has misappropriated and continues to misappropriate The Webb Law Firm, P.C.'s substantial property rights in the THE WEBB LAW FIRM mark, the WEBBLAW.COM mark and the Webb Trade Dress, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit Defendant to gain an unfair competitive advantage over The Webb Law Firm, P.C. and allow Defendant to improperly interfere with The Webb Law Firm, P.C.'s continued promotion and expansion of its business interests

56. On information and belief, Defendant's acts of infringement are willful.

57. As a direct and proximate result of Defendant's acts of infringement, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. The Webb Law Firm, P.C. is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118

and 1125, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, treble damages, costs and reasonable attorneys' fees.

### COUNT IV: SERVICE MARK DILUTION (15 U.S.C. § 1125(a))

58. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

59. The THE WEBB LAW FIRM mark and the WEBBLAW.COM mark have acquired fame in the United States.

60. Defendant's use of "Webb IP Law Group" and "webbiplaw.com" is diluting and blurring the distinctiveness and fame of the THE WEBB LAW FIRM mark and the WEBBLAW.COM mark.

61. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the THE WEBB LAW FIRM or WEBBLAW.COM marks or any confusingly similar imitations or iterations thereof.

62. Defendant will continue its acts of dilution, causing irreparable injury to The Webb Law Firm, P.C. unless such activities are enjoined by this Court.

63. On information and belief, Defendant's acts of dilution are willful.

64. As a direct and proximate result of Defendant's acts of dilution, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. The Webb Law Firm, P.C. is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118 and 1125, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, treble damages, costs and reasonable attorneys' fees.

**COUNT V:  CYBERSQUATTING (15 U.S.C. §1125(d))**

65. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

66. Defendant began using the domain name www.webbiplaw.com after Plaintiff had registered the WEBBLAW.COM mark.

67. Defendant's domain name is confusingly similar to the WEBBLAW.COM mark.

68. Defendant registered the domain name "www.webbiplaw.com" with the bad faith intent to unlawfully profit from its similarity to the WEBBLAW.COM mark, including, by, *inter alia*, diverting business from The Webb Law Firm, P.C. to Defendant and trading on The Webb Law Firm, P.C.'s goodwill and established reputation.

69. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the WEBBLAW.COM mark or any confusingly similar imitations or iterations thereof.

70. Defendant will continue its acts of cybersquatting, causing irreparable injury to The Webb Law Firm, P.C. unless such activities are enjoined by this Court.

71. As a direct and proximate result of Defendant's acts of cybersquatting, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial.  The Webb Law Firm, P.C. is entitled to all available and applicable remedies provided for in 15 U.S.C. §§ 1117, 1118 and 1125, including preliminary and permanent injunctive relief, Defendant's profits, treble damages, costs and reasonable attorneys' fees, as well as cancellation or transfer of all right, title and interest in webbiplaw.com to The Webb Law Firm, P.C.

## COUNT VI: COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

72. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

73. Defendant's acts constitute unfair competition and common law service mark and trade dress infringement of The Webb Law Firm, P.C.'s common law rights in THE WEBB LAW FIRM and WEBBLAW.COM marks and the Webb Trade Dress.

74. Defendant has infringed The Webb Law Firm, P.C.'s intellectual property with the intent to deceive the public into believing that the services provided by Defendant are made by, approved by, sponsored by and/or affiliated with The Webb Law Firm, P.C.

75. Defendant's acts were committed, and are being committed, with the intent to pass off and palm off Defendant's services as the services of The Webb Law Firm, P.C. and with the intent to defraud and deceive the public.

76. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of THE WEBB LAW FIRM or WEBBLAW.COM marks or the Webb Trade Dress.

77. Defendant has misappropriated and continues to misappropriate The Webb Law Firm, P.C.'s substantial property rights in THE WEBB LAW FIRM and WEBBLAW.COM marks and The Webb Trade Dress, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit Defendant to improperly interfere with The Webb Law Firm, P.C.'s continued promotion and expansion of its business.

78. The Webb Law Firm, P.C. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the THE WEBB LAW FIRM or WEBBLAW.COM marks, or the Webb Trade Dress, or any confusingly similar imitations or iterations thereof.

79. On information and belief, Defendant's acts of infringement are willful.

80. As a direct and proximate result of Defendant's acts of infringement, The Webb Law Firm, P.C. has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. The Webb Law Firm, P.C. is entitled to all available remedies, including preliminary and permanent injunctive relief, disgorgement of Defendant's profits, punitive damages, costs and reasonable attorneys' fees.

## COUNT VII: CANCELLATION OF U.S. REG. NO. 3,870,523

81. The Webb Law Firm, P.C. incorporates each and every allegation of paragraphs 1 through 31 inclusive of this Complaint by reference as if fully set forth herein.

82. Defendant is the owner of U.S. design trademark registration 3,870,523.

83. Defendant's use of this mark, application for registration of this mark and the eventual registration of this mark all post-date not only The Webb Law Firm, P.C.'s use of the THE WEBB LAW FIRM mark and the WEBBLAW.COM mark, but also its federal trademark registrations of these two marks.

84. U.S. design trademark registration 3,870,523 is confusingly similar to the senior marks THE WEBB LAW FIRM and WEBBLAW.COM.

85. Given the confusing similarity, and pursuant to 15 U.S.C. § 1119, U.S. design trademark registration 3,870,523 should be cancelled.

**WHEREFORE,** The Webb Law Firm, P.C. prays that this Court enter an Order:

1. Preliminarily and permanently enjoining Defendant, or anyone else acting in concert with it, or on its behalf from: (a) using any reproduction or colorable imitation of the THE WEBB LAW FIRM and WEBBLAW.COM marks or the Webb Trade Dress or any mark or trade dress confusingly similar thereto; (b) engaging in any other conduct that suggests or tends to suggest to the public that Defendant is in any manner, directly or indirectly, affiliated, connected or associated with The Webb Law Firm, P.C. or that Defendant's services, goods or commercial activities originate from or are sponsored or approved by The Webb Law Firm, P.C.;

2. Requiring Defendant to immediately tender all right, title and interest in and to the domain name www.webbiplaw.com to The Webb Law Firm, P.C.;

3. Cancelling U.S. Trademark Reg. No. 3,870,523;

4. Requiring Defendant to account to The Webb Law Firm, P.C. for all profits made by it in connection with any and all commercial activity relating to use of the THE WEBB LAW FIRM and the WEBBLAW.COM marks or Webb Trade Dress;

5. Awarding to The Webb Law Firm, P.C. the damages it sustained as a result of Defendant's wrongful acts;

6. Awarding to The Webb Law Firm, P.C. Defendant's profits pursuant to 15 U.S.C. § 1117;

7. Awarding to The Webb Law Firm, P.C. treble damages pursuant to 15 U.S.C. § 1117;

8. Awarding to The Webb Law Firm, P.C. its costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

9. Awarding to The Webb Law Firm, P.C. punitive damages as a result of Defendant's wrongful acts; and

10. Granting The Webb Law Firm, P.C. any further relief that the Court deems to be just and proper.

## JURY DEMAND

The Webb Law Firm, P.C. respectfully requests a trial by jury on all issues triable thereby.

Respectfully submitted,

Dated: April 19, 2013

/s/ Cecilia R. Dickson
Kent E. Baldauf, Jr. (PA ID No. 70793)
Richard L. Byrne (PA ID No. 27913)
Kirk M. Miles (PA ID No. 69764)
Cecilia R. Dickson (PA ID No. 89348)
The Webb Law Firm
One Gateway Center
420 Fort Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
(412) 471-8815
kbaldaufjr@webblaw.com
rbyrne@webblaw.com
kmiles@webblaw.com
cdickson@webblaw.com

ATTORNEYS FOR PLAINTIFF
The Webb Law Firm, P.C.